UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CHU DE QUEBEC – UNIVERSITE      §
LAVAL                           §
                                §
v.                              §        CIVIL NO. 4:21-CV-182-SDJ
                                §
DREAMSCAPE DEVELOPMENT          §
GROUP HOLDINGS, INC., ET AL.    §

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff CHU de Quebec–Universite Laval's Motion to Compel. (Dkt. #54). Also before the Court is CHU de Quebec's Motion Regarding the Sufficiency of Defendants DreamScape Development Group Holdings, Inc.'s and Darrel Fritz's Answers and Objections to Requests for Admission. (Dkt. #72). The motions are fully briefed. Having considered the motions, the briefing, and the applicable law, the Court concludes that both motions should be **GRANTED**.

## I. BACKGROUND

This case arose from a business deal during the height of the COVID-19 pandemic that involved the purchase of three million surgical-grade N-95 face masks. CHU de Quebec, the buyer, alleges that Defendant Darrel Fritz, purporting to act on behalf of Defendant DreamScape Development Group, Inc. ("DDGI") or Defendant DreamScape Development Group Holdings, Inc. ("DDGHI"), or both, failed to deliver the masks as promised and made misrepresentations in connection with the transaction. Fritz allegedly refused to return CHU de Quebec's money—$5.25 million—despite having agreed to hold that money in escrow and to return it immediately if the goods were not promptly delivered. Instead of returning the

1

deposit for the masks, Fritz allegedly used the money to reimburse other dissatisfied customers and to buy his house out of foreclosure. This lawsuit followed.

On August 31, 2021, CHU de Quebec served discovery requests on Fritz and DDGHI, including requests for production, interrogatories, and requests for admission. About six weeks later, Fritz and DDGHI served responses and objections on CHU de Quebec. CHU de Quebec responded with a letter asserting that several of the responses and objections were deficient. After the parties conferred, Fritz and DDGHI provided supplemental documents and amended responses that withdrew some of their objections. But according to CHU de Quebec, several of Fritz's amended responses remained deficient. The discovery requests at issue fall into two general categories: (1) corporate and financial information about DDGI and DDGHI, two entities that Fritz allegedly controls or controlled in the past; and (2) information related to the alleged agreement for N-95 masks underlying this action.

After reaching an impasse, the parties conducted a telephone conference with the Court, during which Defendants' counsel indicated he would withdraw many of the objections at issue and amend Fritz's and DDGHI's responses as appropriate. The next week, counsel for CHU de Quebec made three separate requests that Fritz and DDGHI provide amended discovery responses and supplemental documents. (Dkt. #54-5); (Dkt. #72-9). Counsel for Fritz and DDGHI did not respond to any of these requests. Shortly thereafter, CHU de Quebec moved to compel Fritz to respond to the disputed interrogatories and requests for production. (Dkt. #54).

2

Just before the deadline to respond to CHU de Quebec's motion to compel, Fritz served amended discovery responses and supplemental documents. (Dkt. #67-1, #67-2). The amended responses withdrew some, but not all, of the objections at issue. CHU de Quebec contends that the remaining objections lack merit. (Dkt. #67). Fritz disagrees and urges the Court to sustain his remaining objections. (Dkt. #64, #68).

Neither Fritz nor DDGHI provided any amended responses to CHU de Quebec's requests for admission following the telephone conference with the Court. About a month after filing its motion to compel, CHU de Quebec moved the Court for an order determining the sufficiency of DDGHI's and Fritz's objections and answers to requests for admission. (Dkt. #72). Naturally, the parties contest the sufficiency of DDGHI's and Fritz's objections and answers to the disputed requests.

The Court now considers both motions.

## II. MOTION TO COMPEL

The Court begins its discussion by addressing CHU de Quebec's motion to compel responses to the interrogatories and production requests served on Fritz.[1] (Dkt. #54).

### A. Legal Standard.

It is well established that "control of discovery is committed to the sound discretion of the trial court." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987). A party may obtain discovery regarding any nonprivileged matter

---

[1] CHU de Quebec's motion to compel concerns only discovery requests to Fritz. Accordingly, in resolving this motion, the Court focuses only on Fritz's responses and objections.

relevant to any party's claim or defense so long as the information sought is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Information "need not be admissible in evidence to be discoverable." *Id.* And to be relevant, "a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).

If a party fails to answer an interrogatory or produce documents, the party seeking discovery may move for an order compelling an answer or production. FED. R. CIV. P. 37(a)(1), (a)(3)(B). When the motion challenges an objection, the party resisting discovery bears the burden of justifying the objection. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 1128730, at *1 (N.D. Tex. Apr. 15, 2022). The opposing party also must provide any argument in support of its objection in response to the motion to compel; otherwise, it waives the objection. *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015).

## B. Fritz's Objections to the Interrogatories and Production Requests Are Without Merit.

Relevant here, Fritz maintains objections to two interrogatories and six requests for production.[2] Specifically, he continues to object to Interrogatory Nos. 3

---

[2] As noted above, Fritz served amended responses that withdrew some of his objections to the disputed discovery requests after CHU de Quebec filed its motion to compel. *See, e.g.*, (Dkt. #64 at 7). Fritz also withdrew his objections to Request for Production Nos. 11 and 23 in his sur-reply to CHU de Quebec's reply in support of the motion to compel. (Dkt. #68 at 4).

and 7, and to Request for Production Nos. 15, 16, 25, 29, 34, and 35.[3] The Court addresses the parties' arguments as to these remaining objections in turn.

### i. Fritz's remaining objections to Interrogatory No. 3 and Request for Production Nos. 34 and 35 are overruled.

Fritz continues to object to Interrogatory No. 3 and Request for Production Nos. 34 and 35. Those discovery requests provide as follows:

> **INTERROGATORY NO. 3:** Identify every vendor of 3M products with whom You had contact between March 1, 2020 and May 8, 2020. For each, please provide the following information:
>
> > a. The name of the vendor (whether an individual of [sic] entity)
> > b. The names [sic] all employees, agents, or representatives of the vendor with whom you had contact
>
> **REQUEST FOR PRODUCTION NO. 34:** Documents sufficient to show every order You placed for masks You agreed to provide in the April 16 Letter Agreement.
>
> **REQUEST FOR PRODUCTION NO. 35:** Communications relating to any order You placed for masks You agreed to provide in the April 16 Letter Agreement made or received between April 16, 2020 and the date of Your response.

(Dkt. #67-1 at 3); (Dkt. #67-2 at 7). In his amended responses, Fritz answered the interrogatory and responded to the document requests. But Fritz's responses are given "[s]ubject to . . . and without waiving" his objection to "the defined term 'You' in

---

[3] In its reply brief, CHU de Quebec for the first time argues that the Court should compel Fritz to properly respond to Request for Production No. 26. (Dkt. #67 at 1, 5). But CHU de Quebec did not move to compel a response to this discovery request in its motion to compel. *See, e.g.*, (Dkt. #54 at 2 ("The Court should overrule Fritz's objections and order that he provide complete responses to interrogatories 3–4, and 7 and requests for production 5–25, 27, 29, and 34–35.")); (Dkt. #54 at 5, 15 (same)). Because CHU de Quebec made this argument for the first time in its reply, the Court will not consider whether Fritz's objection to Request for Production No. 26 should be overruled. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501, at *5 (E.D. Tex. Sept. 30, 2015) ("The Court does not consider arguments raised for the first time in a reply brief.").

that the Request is vague and/or overbroad so as to render it impossible for the responding party to comply or to comply without undue burden and/or unnecessary expense." (Dkt. #67-1 at 3); (Dkt. #67-2 at 7). This objection fails for several reasons.

For one, the Federal Rules do not permit parties to make general or boilerplate objections to discovery requests. Under Rule 33, a party objecting to an interrogatory must state the specific reason(s) for the objection. FED. R. CIV. P. 33(b)(4). Rule 34 likewise requires a party resisting a request for production to "state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B); *see also* FED. R. CIV. P. 34 advisory committee's note to 2015 amendment (explaining that the 2015 amendment clarifies that Rule 34 does not permit less specific objections than does Rule 33).

To be clear, general or boilerplate objections are improper even when they are directed to a specific discovery request. *RealPage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 WL 1165688, at *3 (E.D. Tex. Mar. 29, 2017); *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). Simply identifying an objection is not enough; rather, the party resisting discovery must show why the objection applies to the particular request at issue. *See McLeod*, 894 F.2d at 1485. Objections that do not meet this specificity requirement generally are deemed waived or are overruled. *See RealPage*, 2017 WL 1165688, at *3; *Heller*, 303 F.R.D. at 483–84.

Fritz's remaining objection to Interrogatory No. 3 and Request for Production Nos. 34 and 35 is boilerplate and not stated with specificity. His objection does not provide specific reasons for how the definition of "You" is vague, overbroad, or

otherwise impossible to answer without "undue burden and/or unnecessary expense." (Dkt. #67-1 at 3–4); (Dkt. #67-2 at 7–8). Thus, Fritz waived this objection. *See RealPage*, 2017 WL 1165688, at *3; *Heller*, 303 F.R.D. at 483–84.

Even if Fritz had not waived his "vague and/or overbroad" objection, the objection is meritless. The discovery requests define "You" as "Darrel Fritz, whether in his individual capacity or in his capacity as an employee, officer, director, employee, agent, or representative of any business entity." (Dkt. #54-1 at 4, 13). Fritz has not shown, and the Court fails to see, how this straightforward definition is vague or overbroad.

In his response to CHU de Quebec's motion to compel, Fritz argues that the definition of "You" is objectionable because it "lump[s] DDGHI, Mr. Fritz, and DDGI altogether as one entity" and "include[s] an implied admission" that would undercut Fritz's and DDGHI's defenses. (Dkt. #64 at 3, 7, 10–11). Answering the interrogatory or providing responsive documents without objection, Fritz says, would result in a tacit admission that both DDGHI and Fritz, individually, were parties to the agreement underlying this action. (Dkt. #64 at 7, 10–11). There are two fundamental problems with this argument.

The first is waiver. Because Fritz did not timely or specifically assert this ground for the objection in his discovery responses, it is waived. FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *In re United States*, 864 F.2d 1153, 1156 (5th Cir.

1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

The second problem with Fritz's argument is that his complaint about the defined term "You" is refuted by the definition itself. The definition expressly distinguishes Fritz's capacity to act as an individual or on behalf of any business entity, such as DDGI or DDGHI. Given how the term "You" is defined, Fritz may qualify his discovery responses in a way that meets the substance of the requests and preserves his asserted defenses. Fritz could, for example, explain in his answer to Interrogatory No. 3 that he had contact with vendors of 3M products but clarify that he had such contact only in his personal capacity or in his professional capacity on behalf of one or both companies (whichever is true). Similarly, Fritz could qualify his responses to Request for Production Nos. 34 and 35 by stating (if true) that any responsive documents relate to actions he took only in his professional capacity on behalf of DDGI and not in any other capacity.

What Fritz cannot do, however, is provide qualified responses "subject to" and "without waiving" an objection that lacks support in both law and logic. Such an objection and answer "leaves the requesting party uncertain as to whether the question has actually been fully answered and wondering as to the scope of the documents or information that will be provided as responsive." *RealPage*, 2017 WL 1165688, at *2 (cleaned up). This kind of hedging is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Id.* (quoting *Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813,

at *11 (N.D. Tex. Oct. 26, 2016)). Thus, to the extent Fritz has not waived his objections to the definition of "You," the objections are overruled.

### ii. Fritz's remaining objection to Interrogatory No. 7 is overruled.

Fritz also continues to object to Interrogatory No. 7, which asks him to provide the following information:

> Describe in detail the whereabouts of the $5,250,000 that was wire transferred to the Morgan Stanley account with the account number 310150805 and beneficiary account number 40611172[] by Gregory Kuczinski on April 15, 2020. In Your response, please provide the following information:
>
>> a. The amount of the $5,250,000 remaining in the Morgan Stanley account with the account number 310150805 and beneficiary account number 40611172 as of the date of Your response
>>
>> b. For any transfer of any portion of the $5,250,000 out of the Morgan Stanley account with the account number 310150805 and beneficiary account number 40611172, identify when the transfer was requested, when the transfer was completed, the amount of the transfer, the reason(s) for the transfer, the identity of the transferee, and the transferee account's financial institution and account number.
>>
>> c. For any portion of the $5,250,000 that was transferred out of the Morgan Stanley account with the account number 310150805 and beneficiary account number 40611172 and subsequently returned, please identify when the funds were returned, the amount of the transferred funds that were returned, the reason(s) for the return of the funds, the identity of the transferor who returned the funds, and the financial institution and account number from which the funds were returned.

(Dkt. #67-1 at 7).

In the operative response, Fritz answered the interrogatory but also objected that the discovery request "is vague and/or overbroad so as to render it impossible for the responding party to comply or to comply without undue burden and/or

unnecessary expense." (Dkt. #67-1 at 7–8). This boilerplate objection fails to state specifically how the interrogatory is vague, overbroad, burdensome, or expensive. Accordingly, the objection is waived. *See RealPage*, 2017 WL 1165688, at *3; *Heller*, 303 F.R.D. at 483–84.

But wait, says Fritz, Interrogatory No. 7 is vague because it is impossible to determine the "whereabouts" of funds that were commingled with other funds and disbursed to pay expenses or third-party vendors. (Dkt. #64 at 8); (Dkt. #68 at 3–4). The problem with this argument, again, is that Fritz did not specifically assert this ground for the objection in his discovery responses. Nor has he shown good cause to excuse this failure. Thus, this ground for Fritz's objection to Interrogatory No. 7 is waived. FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Even if the Court excused Fritz's waiver, his argument that Interrogatory No. 7 is unduly vague or overbroad is without merit. A party "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories" and, if necessary to clarify an answer, "may include any reasonable definition of the term or phrase at issue." *Heller*, 303 F.R.D. at 491 (quotation omitted). Fritz fails to point to a specific term or phrase that renders Interrogatory No. 7 vague or overbroad. Nor is the interrogatory as a whole—after exercising reason and common sense—so vague or ambiguous as to be incapable of answering. To the contrary, the interrogatory includes clear instructions that Fritz should explain each transfer of any portion of the $5.25 million at issue. Because Fritz has not met his

burden to show that Interrogatory No. 7 is vague or overbroad, his remaining objection to this discovery request is overruled.[4]

### iii. Fritz's remaining objection to Request for Production Nos. 15 and 16 is overruled.

Fritz also objects to Request for Production Nos. 15 and 16, which call for production of DDGI's and DDGHI's tax returns from 2019 to present, on the grounds that the documents contain proprietary and confidential information. (Dkt. #67-2 at 4).

Tax returns are neither privileged nor undiscoverable. *Gondola v. USMD PPM, LLC*, 223 F.Supp.3d 575, 587 (N.D. Tex. 2016); *see also F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). But they do contain sensitive information, and courts are reluctant to require their routine disclosure as part of discovery. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) (citing "the taxpayer's privacy concerns" and the need to protect "the self-reporting, self-assessing character of the income tax system" as the reasons for such reluctancy). Instead, courts generally require the party seeking production to demonstrate relevance, after which "the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained." *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL

---

[4] To the extent Fritz argues that the use of the defined term "Your" in Interrogatory No. 7 also is objectionable, *see* (Dkt. #64 at 8), he waived this objection by failing to state this ground in his response, FED. R. CIV. P. 33(b)(4). In any event, the argument is meritless for the reasons given above with respect to the term "You." *See supra* Part II(B)(i).

10046089, at *17 (E.D. Tex. July 8, 2020) (quoting *Gondola*, 223 F. Supp. 3d at 587–88).

Here, CHU de Quebec argues that the tax returns "would show whether the companies treated the $5.25 million as income as well as the extent to which Fritz owns, controls, and/or provides backing to the companies, which is relevant to the alter ego claims." (Dkt. #67 at 4). The Court agrees. CHU de Quebec's alter-ego claims are based not only on how Fritz allegedly controlled the companies but also on potential tax evasion. (Dkt. #45 ¶¶ 2, 34, 86). Accordingly, the tax returns are relevant to this case.

Because the tax returns are relevant, Fritz must show that other sources exist from which the information contained in these documents may be readily obtained. Fritz contends that the balance sheets and profit and loss statements he previously produced in discovery are alternatives sources that contain the relevant information. (Dkt. #64 at 9). Such documents, to be sure, typically would be sufficient to show business income and expenditures. But CHU de Quebec points out, and Fritz does not contest, that the balance sheets omit 2020—the primary year in question—and the profit and loss statements do not break out 2020. (Dkt. #67 at 4–5). Rather, the profit and losses are combined for the two-year period from January 1, 2020, through January 9, 2022, which CHU de Quebec argues is indicative that the documents were generated for litigation purposes rather than in the ordinary course of business. (Dkt. #67 at 5).

Considering the allegations in this case and the record before the Court, CHU de Quebec's concerns about the reliability of the balance sheets and profit and loss statements rest on a stable foundation. Fritz does not refute CHU de Quebec's assertion that these documents were created for purposes of this litigation. And for most of the other corporate and financial records that CHU de Quebec requested, Fritz responded that none exist—no board minutes, resolutions, annual reports, or cash flow statements. (Dkt. #67-2 at 2–5). Under these circumstances, the Court is persuaded that neither the balance sheets nor the profit and loss statements Fritz has produced, or that he could reproduce, are a viable alternative to statements in a tax return filed under penalty of perjury. Additionally, Fritz may address his privacy concerns related to producing the companies' tax returns by appropriately designating the materials for limited disclosure in accordance with the Protective Order governing this case. (Dkt. #40).

For these reasons, the Court concludes that discovery of DDGI's and DDGHI's tax returns from 2019 to present should be permitted. Fritz's remaining objection to Request for Production Nos. 15 and 16 is therefore overruled.

### iv. Fritz's remaining objection to Request for Production Nos. 25 and 29 is overruled.

The final set of discovery requests that Fritz continues to object to are Request for Production Nos. 25 and 29. These requests provide as follows:

> **REQUEST FOR PRODUCTION NO 25:** Documents sufficient to show registration to transact business in Texas for the entity "DreamScape Development Group, Inc."

**REQUEST FOR PRODUCTION NO 29:** All applications for registration to transact business in Texas for the entity "DreamScape Development Group, Inc."

(Dkt. #67-2 at 6).

Fritz's remaining objection to Request for Production Nos. 25 and 29 is another nonspecific, boilerplate assertion that the requests are "vague and/or overbroad so as to render it impossible for the responding party to comply." (Dkt. #67-2 at 6). This objection is insufficient under Rule 34 because it does not "state with specificity the grounds for objecting to the request, including [any] reason[]" for how the request is vague or overbroad. FED. R. CIV. P. 34(b)(2)(B). Accordingly, Fritz waived this objection. *See RealPage*, 2017 WL 1165688, at *3.

Even if Fritz had specified the reasons for his vagueness/overbreadth objection in his discovery responses, the objection would still lack merit. Fritz argues that the document requests are vague and overbroad because CHU de Quebec did not "specify or define its term 'transact business' in the context of [Texas Business Organizations Code Chapter 9]." (Dkt. #64 at 10). According to Fritz, the discovery requests are "ambiguous and vague because a business entity who has operations in Texas need not necessarily register with the state of Texas." (Dkt. #64 at 10).

The Court is not persuaded. Contrary to Fritz's suggestion, Request for Production Nos. 25 and 29 do not indicate that DDGI and DDGHI were legally required to register with the State of Texas to transact business in the State. These discovery requests simply call for documents that show registrations or applications for registration to transact business in Texas. Indeed, subject to his objections, Fritz

14

responded to Request for Production Nos. 25 and 29 by stating that DDGI "did not file a certificate of filing with the Texas Secretary of State or other document with any other state agency for the purpose of transacting business in Texas." (Dkt. #67-2 at 6). Fritz's responses themselves undercut his assertion of vagueness and ambiguity. In short, these document requests are "not so overbroad, vague, or ambiguous as to be incapable of reasonable interpretation." *RealPage*, 2017 WL 1165688, at *4. The Court overrules Fritz's remaining objection to Request for Production Nos. 25 and 29.

## C. Reasonable Expenses Under Rule 37.

When, like here, a court grants a party's motion to compel, Rule 37(a)(5)(A) authorizes the court to order the non-movant to pay any reasonable expenses incurred by the movant in bringing the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5)(A). Accordingly, CHU de Quebec must file with the Court an application for expenses that includes evidence of its reasonable expenses incurred in pursuing this motion to compel. Fritz will have the opportunity to respond to the application.

### III. MOTION REGARDING REQUESTS FOR ADMISSION

The Court now turns to CHU de Quebec's motion to determine the sufficiency of DDGHI's and Fritz's answers and objections to requests for admission. (Dkt. #72).

## A. Legal Standard.

Federal Rule of Civil Procedure 36 governs requests for admission. Under that rule, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." FED. R.

15

CIV. P. 36(a)(1). A matter generally "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). And once a matter is admitted, it is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). This conclusive effect applies to both affirmative admissions and those established by default, "even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

The binding nature of admissions under Rule 36 "conserves judicial resources by avoiding the need for disputatious discovery on every conceivable question of fact." *Armour v. Knowles*, 512 F.3d 147, 154 n.13 (5th Cir. 2007). After a fact is admitted, the party that requested the admission "is entitled to rely on the conclusiveness of it." *Id.* (quotation omitted). But for Rule 36 to have this effect, "litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Otherwise, a litigant "cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." *Am. Auto. Ass'n*, 930 F.2d at 1121 (quotation omitted).

A party may respond to requests for admission with either answers or objections. An answer must (1) admit the matter, (2) deny the matter, or (3) "state in detail why the answering party cannot truthfully admit or deny" the matter. FED. R.

16

CIV. P. 36(a)(4). If a party denies a matter, the denial "must fairly respond to the substance of the matter." *Id.* And "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* If a party objects to the request for admissions, the responding party must state the grounds for objection and not object solely on the ground that the request presents a genuine issue for trial. FED. R. CIV. P. 36(a)(5).

Rule 36(a)(6) permits the requesting party to move for a determination of the sufficiency of an answer or objection to a request for admission. "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6).

## B. Fritz's and DDGHI's Objections to the Requests for Admission Lack Merit.

CHU de Quebec contends that the Court should overrule DDGHI's objections to Request for Admission Nos. 10, 12, 13, 19, 30, 32, and 33, and Fritz's objections to Request for Admission Nos. 1–11, 17, 28, 30, and 31. In addition, CHU de Quebec argues that the Court should deem admitted Request for Admission Nos. 7 and 10 to DDGHI. For their part, DDGHI and Fritz urge the Court to sustain their objections and deny CHU de Quebec's requested relief.

### i. The objections to the definition of "You" are overruled.

Fritz's and DDGHI's remaining objection to all the disputed requests, except for Request for Admission Nos. 7 and 10 to DDGHI, turns on their challenge to the definition of "You" employed in the requests. As to Fritz, the requests for admission define "You" as "Darrel Fritz, whether in his individual capacity or in his capacity as

an employee, officer, director, employee, agent, or representative of any business entity." (Dkt. #72-1 at 3). The requests for admission to DDGHI define "You" as "Defendant DreamScape Development Group Holdings, Inc., including any of its officers, directors, employees, attorneys, or representatives." (Dkt. #72-2 at 3).

In their discovery responses, DDGHI and Fritz objected that the definitions of "You" are so vague and overbroad that they cannot respond without undue burden or expense. (Dkt. #72-3 (asserting this objection in Fritz's responses to Request for Admission Nos. Nos. 1–11, 17, 28, 30, and 31)); (Dkt. #72-4 (asserting this objection in DDGHI's responses to Request for Admission Nos. 12, 13, 19, 30, 32, and 33). DDGHI and Fritz argue that these definitions "blur the lines between the various defendants and potentially exploit this blurring to create joint and several liability between the parties." (Dkt. #74 at 3). These definitions, they say, entrap Fritz into making admissions on behalf of DDGHI and DDGI and "require DDGHI to answer on behalf of . . . Fritz." (Dkt. #74 at 4, 7).

DDGHI's and Fritz's objections and arguments are unpersuasive for substantially the same reasons given above with respect to CHU de Quebec's motion to compel. *See supra* Part II(B)(i). First, neither definition of "You" is vague or overbroad; each clarifies the scope of the requested response by defining Fritz to include his personal and professional capacities and defining DDGHI to include employees and other agents acting on its behalf.

Second, as the Court explained at the discovery conference, Fritz and DDGHI should have addressed their concerns about the definitions of "You" by qualifying

their answers in accordance with Rule 36(a)(4). Consider, for example, Request for Admission No. 11 to Fritz. In his response, Fritz should have admitted that he made representations about selling 3M face masks but qualify that he did so (if true) only in his professional capacity on behalf of DDGI and deny that he did so in any other capacity. DDGHI likewise should have qualified its response to an identical request by explaining that (again, if true) neither Fritz nor anyone else made any such representations on its behalf. Sometimes an answer to a request for an admission may need qualification for purposes of clarification or to dispel an improper inference. And Rule 36(a)(4) accounts for such situations by allowing a party to qualify a response so long as the answer meets the substance of the request. But a qualified answer is not the same as a qualified answer subject to an objection. The latter leaves the requesting party unable to rely on the conclusiveness of the answer, thereby defeating the purpose of Rule 36. *See Am. Auto. Ass'n*, 930 F.2d at 1121.

When, like here, a party chooses to object to a request for admission, the resisting party has the burden to justify the objection. *Freydl v. Meringolo*, No. 09-CIV-07196 (BSJ) (KNF), 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011) (quoting 8b WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2263 (3d. ed. 2010)). Fritz and DDGHI have not shown that the definitions of "You" used in the requests at issue are unduly vague, overbroad, or otherwise objectionable under Rule 36. Thus, the Court must overrule DDGHI's objections to Request for Admission Nos. 10, 12, 13, 19, 30, 32, and 33, and Fritz's objections to Request for Admission Nos. 1–11, 17, 28, 30, and 31.

### ii. DDGHI's objection to Request for Admission No. 10 is overruled.

DDGHI also continues to object to Request for Admission No. 10. This request asks DDGHI to admit that DDGI "has never been registered to do business in Texas." (Dkt. #72-4 at 3). DDGHI responded with a boilerplate objection that "the Request is vague and/or overbroad so as to render it impossible for the responding party to comply without undue burden and/or unnecessary expense." (Dkt. #72-4 at 3). In defending its objection, DDGHI argues that the request is vague and overbroad because "a business entity is not necessarily required to register 'to do business' in Texas." (Dkt. #74 at 6). But the request does not indicate that DDGHI was required to register as a business to conduct business in Texas; it simply asks whether DDGHI has ever been registered to do business in Texas. There is nothing vague or overbroad about this request. So this argument fails.

Perhaps recognizing as much, DDGHI also contends that this issue is "moot" because it admitted in its amended responses that DDGI "has not filed for registration as a foreign entity with the Texas Secretary of State." (Dkt. #76 at 6). While this partial admission standing alone may meet the substance of the request, it is subject to an objection. (Dkt. #72-6 at 1). The objection is therefore not "moot" in the sense that DDGHI is using that term. And because of this generalized objection, CHU de Quebec is unable to rely on the partial admission as conclusive. As explained above, Rule 36 permits a party to specify the part admitted and qualify or deny the rest. Fed. R. Civ. P. 36(a)(4). But the rule does not allow a party to qualify an

admission by making it subject to an objection. *See id.* The Court thus overrules DDGHI's objection to Request for Admission No. 10.[5]

### iii. Request for Admission No. 7 to DDGHI is deemed admitted.

CHU de Quebec argues that Request for Admission No. 7 to DDGHI should be deemed admitted because DDGHI failed to respond or properly object to this request. DDGHI agrees. (Dkt. #76 at 7). Accordingly, the Court deems admitted Request for Admission No. 7 to DDGHI.

### IV. CONCLUSION

For the foregoing reasons, CHU de Quebec's Motion to Compel, (Dkt. #54), is **GRANTED**. It is therefore **ORDERED** as follows:

1. Fritz's objections to CHU de Quebec's Requests for Production 15, 16, 25, 29, 34, and 35 are **OVERRULED**.

2. Fritz's objections to CHU de Quebec's Interrogatories 3 and 7 are **OVERRULED**.

3. Within **seven days** of this Order, Fritz must (to the extent he has not yet done so) provide—subject to no objections and without any further objections— complete written responses to CHU de Quebec's Requests for Production 11, 15, 16, 23, 25, 29, 34, and 35. Complete responses must include a statement that Fritz will

---

[5] In its motion, CHU de Quebec urges the Court to deem admitted Request for Admission No. 10 because DDGHI failed to "state in detail why [it] cannot truthfully admit or deny it." (Dkt. #72 at 14–15 (emphasis omitted) (quoting FED. R. CIV. P. 36(a)(4)). Even if the request could be deemed admitted on this ground, the Court exercises its discretion to order DDGHI to serve an amended answer that complies with Rule 36. *See* FED. R. CIV. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").

produce responsive documents, a statement that Fritz has produced all responsive documents, or a statement that responsive documents do not exist. Fritz must (to the extent he has not yet done so) produce all responsive documents in his possession, custody, or control in accordance with this Order.

4. Within **seven days** of this Order, Fritz must (to the extent he has not yet done so) provide—subject to no objections and without any further objections—complete written responses to CHU de Quebec's Interrogatories 3 and 7.

5. Within **fourteen days** of this Order, CHU de Quebec must file an application for an award of its reasonable expenses and attorney's fees incurred in making its motion to compel, as required by Federal Rule of Civil Procedure 37(a)(5)(A). Fritz's response shall be due **fourteen days** from the date on which the application is filed. CHU de Quebec's reply, if any, shall be due **seven days** from the date on which Fritz's response is filed.

\* \* \*

It is further **ORDERED** that CHU de Quebec's Motion Regarding the Sufficiency of DDGHI's and Fritz's Answers and Objections to Requests for Admission, (Dkt. #72), is **GRANTED**.

DDGHI's objections to CHU de Quebec's Requests for Admission 10, 12, 13, 19, 30, 32, and 33 are **OVERRULED**. Within **seven days** of this Order, DDGHI must provide—subject to no objections—amended responses to these requests for admissions.

Fritz's objections to CHU de Quebec's Requests for Admission 1–11, 17, 28, 30, and 31 are **OVERRULED**. Within **seven days** of this Order, Fritz must provide—subject to no objections—amended responses to these requests for admissions.

Finally, CHU de Quebec's Request for Admission 7 to DDGHI is **DEEMED** admitted.

**So ORDERED and SIGNED this 27th day of May, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE