UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHU DE QUEBEC – UNIVERSITE LAVAL | § § § |
| v. | §  CIVIL NO. 4:21-CV-182-SDJ |
| DREAMSCAPE DEVELOPMENT GROUP HOLDINGS, INC., ET AL. | § § § § |

## MEMORANDUM OPINION AND ORDER

Before the Court are two competing motions. In the first, Plaintiff CHU de Quebec–Universite Laval ("CHU de Quebec") requests a sixty-day continuance of the trial setting and certain pretrial deadlines. (Dkt. #114). In the second, Defendants DreamScape Development Group Holdings, Inc. ("DDGHI"); DreamScape Development Group, Inc. ("DDGI"); and Darrel Fritz request a continuance of at least five months and ask the Court to retroactively extend past deadlines. (Dkt. #121). Both motions are fully briefed. (Dkt. #122, #123, #124, #133). For the following reasons, the Court **GRANTS** CHU de Quebec's motion and **GRANTS in part** and **DENIES in part** Defendants' motion.

### I. BACKGROUND

The parties are well acquainted with the history of this case, so the Court will get to the point. Below is a timeline of events relevant to the motions at issue:

| Date | Occurrence |
|---|---|
| March 5, 2021 | CHU de Quebec filed its original complaint in this case against Fritz and DDGHI. (Dkt. #1). |

1

| | |
|---|---|
| May 2021 | The parties exchanged initial disclosures. (Dkt. #121 ¶ 3); (Dkt. #123 at 3). |
| June 24, 2021 | The Court entered a Scheduling Order that set, among other things, the deadline for completing discovery at December 1, 2021, and the deadline to file dispositive motions at December 22, 2021. (Dkt. #29). |
| October 2021 | CHU de Quebec provided written responses and objections to initial discovery requests. *See* (Dkt. #123-4); (Dkt. #123-5). |
| November 22, 2021 | CHU de Quebec informed DDGHI and Fritz that it would be producing a supplemental volume of documents. (Dkt. #123-6). |
| November 24, 2021 | CHU de Quebec moved for leave to file an amended complaint that asserted additional claims against DDGHI and Fritz based on newly discovered evidence and that joined DDGI as a Defendant. (Dkt. #44). In this motion, CHU de Quebec maintained that its claims were still principally against Fritz but sought joinder of DDGI because Fritz and DDGHI had repeatedly pointed the finger at DDGI as the proper Defendant. (Dkt. #44 at 2–3, 12); *see also, e.g.*, (Dkt. #32 ¶¶ 2–4); (Dkt. #20 at 3–4). |
| November 24, 2021 | CHU de Quebec filed a motion requesting a ninety-day extension of the deadlines under the Scheduling Order for completing discovery and for filing dispositive motions. (Dkt. #46). |
| December 16, 2021 | The Court granted CHU de Quebec's motion for leave to file an amended complaint. (Dkt. #48). The Amended Complaint, which was deemed filed December 16, 2021, joined DDGI as a defendant and added claims for conversion and theft. (Dkt. #45). In the same order, the Court granted CHU de Quebec's motion to extend the discovery and dispositive motion deadlines. (Dkt. #48). |
| December 17, 2021 | The Court held a telephone conference to discuss the parties' discovery disputes and directed the parties to file discovery motions as needed. (Dkt. #49). |
| December 2021–February 2022 | The parties exchanged written discovery, took depositions, and filed discovery motions. *See, e.g.*, (Dkt. #54, #72). |
| March 2, 2022 | The parties filed an agreed motion to extend the discovery period and dispositive-motion deadline. (Dkt. #77). |

| | |
|---|---|
| March 3, 2022 | The Court extended the discovery period and the dispositive-motion deadline to April 15, 2022, and May 6, 2022, respectively. (Dkt. #78). |
| April 6, 2022 | Defendants informed CHU de Quebec that they had not received CHU de Quebec's supplemental document production from November 22, 2021. (Dkt. #123-25 at 4). CHU de Quebec agreed to reproduce the documents at issue and, in fact, did so that same day. (Dkt. #123-25 at 3); (Dkt. #123-26). |
| April 11, 2022 | The Court held a discovery conference at which Defendants raised the issue of wanting an extension of the discovery deadline so they could conduct additional discovery and take more depositions to explore, among other things, the agency relationship among CHU de Quebec, the Centre d'Acquisitions Gouvernementales of Quebec ("CAG"), and the Ministry of Health and Social Services of Quebec. *See* (Dkt. #83, #123-34). Defendants also indicated that they wanted to join claims against a third party: Primex. Because the parties could not reach agreement on these issues, the Court directed the parties to "file motions with the Court as needed." (Dkt. #83). |
| April 15, 2022 | Discovery closed. (Dkt. #78). |
| May 6, 2022 | CHU de Quebec filed a motion for summary judgment on all of its claims. (Dkt. #86). |
| May 31, 2022 | The Court granted Defendants' unopposed motion to extend their deadline to respond to CHU de Quebec's summary-judgment motion to June 3, 2022. (Dkt. #94). |
| June 5, 2022 | Defendants filed their response to CHU de Quebec's motion for summary judgment. (Dkt. #95). Nowhere in this response did Defendants indicate they needed additional time to take discovery. |
| June 6, 2022 | Defendants filed an unopposed motion for a retroactive extension of time to respond to CHU de Quebec's motion for summary judgment, (Dkt. #96), which the Court granted the next day, (Dkt. #98). |
| June 17, 2022 | CHU de Quebec filed its reply in support of its motion for summary judgment. (Dkt. #104). At this point, the summary-judgment motion was fully briefed. |
| June 30, 2022 | CHU de Quebec filed its motion for a sixty-day continuance of the trial setting and then-upcoming pretrial deadlines (Dkt. #114). |

| July 6, 2022 | Defendants filed their motion for continuance and for a retroactive extension of the April 15 discovery deadline and the deadline to file dispositive motions. (Dkt. #121). |

As noted above, CHU de Quebec seeks a two-month continuance of the trial in this case, which previously was set for September 2022, *see* (Dkt. #108, #140), and related pretrial deadlines. Defendants oppose CHU de Quebec's motion but, at the same time, request a five-month continuance of the trial setting and an extension of those same deadlines. In their motion, Defendants also ask the Court to retroactively extend the expired deadlines to complete discovery and to file dispositive motions.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Under Rule 16, a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Because discovery-completion deadlines are set in scheduling orders," a court's order reopening discovery "is an order to modify the scheduling order." *Crawford v. C.R. Bard, Inc.,* No. 6:19-CV-412, 2020 WL 2468771, at *2 (E.D. Tex. May 13, 2020) (citation omitted); *see also Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F.App'x 142, 145 (5th Cir. 2013) (per curiam) (concluding district court did not abuse discretion in denying motion to reopen discovery where movant had not shown good cause); *Leza v. City of Laredo*, 496 F.App'x 375, 377 (5th Cir. 2012) (per curiam) (same); *Zilberman v. Caroffer, LLC*, No. 4:15-CV-589, 2016 WL 3060081, at *2 (E.D. Tex. May 31, 2016) ("Federal Rule of Civil Procedure 16(b)(4) governs a party's request to extend the discovery period after the deadline established

4

by a scheduling order has elapsed." (citing *Grant v. City of Hous.*, 625 F.App'x 670, 679 (5th Cir. 2015) (per curiam))).

Trial courts have "broad discretion to preserve the integrity and purpose of the pretrial order" in making the good-cause determination. *Geiserman*, 893 F.2d at 790 (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). To meet the Rule 16(b) good-cause standard, the movant must "show that the deadlines [could not have] reasonably be[en] met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). The Fifth Circuit considers four factors when determining whether the movant has shown good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Grant*, 625 F.App'x at 679 (alterations omitted) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).

### III. DISCUSSION

The Court first addresses Defendants' request to retroactively extend the deadlines to complete discovery and to file dispositive motions and then turns to the parties' requests for a continuance of the trial in this case.

**A. Extension of Discovery Period and Dispositive-Motion Deadline**

Retroactive extensions of the discovery and dispositive-motion deadlines are necessary, Defendants say, so they can, among other things, take depositions of

individuals from CAG, the Ministry of Health and Social Services of Quebec, Primex, and 3M. CHU de Quebec opposes the proposed extensions, arguing that Defendants have not shown good cause to reopen discovery and retroactively extend the dispositive-motion deadline. The Court agrees with CHU de Quebec.

### i. Diligence

The most important factor in the good-cause analysis is the moving party's diligence. *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 119633, at *3 (E.D. Tex. Jan. 12, 2017); *see also Cub USA Servs., LLC v. Jetta Operating Co.*, No. 3:14-CV-2508-D, 2016 WL 1028128, at *2 (N.D. Tex. Mar. 15, 2016) ("When applying this multi-factor test, the court usually denies motions to amend the scheduling order when the moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling deadline."); *Est. of Hooker-Murray v. Dallas County*, No. 3:07-CV-0867-P, 2008 WL 11424336, at *2 (N.D. Tex. Dec. 3, 2008) ("With regard to [the Rule 16(b)(4)] factors, the primary focus is on diligence.").

This Court, and others, have found a lack of diligence where the movant fails to timely move for an extension following the discovery deadline when evidence was revealed near the end of the discovery period. *See, e.g., Le-Vel Brands, LLC v. DMS Nat. Health, LLC*, No. 4:20-CV-398-SDJ, 2022 WL 949952, at *4 (E.D. Tex. Mar. 28, 2022) (concluding that the movant lacked diligence when it waited "two months after discovery closed and four days after [the opposing party] filed its summary-judgment motion" to request an extension of discovery deadlines); *Hooker-Murray*, 2008 WL 11424336, at *2–3 (denying a motion to reopen discovery to allow one deposition

where the movants waited three months after discovery closed and one month after the opposing party moved for summary judgment to file its motion to reopen discovery, despite the movants knowing three weeks before they filed the motion that the prospective deponent was unavailable).

Here, Defendants argue that "recent revelations of information" relevant to this case warrant additional time to take discovery and to file dispositive motions. (Dkt. #121 ¶ 10). Defendants contend that CHU de Quebec did not produce documents containing this information until April 6, 2022, and did not adequately respond to certain interrogatory requests until April 13, 2022. Under these circumstances, Defendants may have had grounds to seek an extension of the discovery period and dispositive-motion deadline back in April or the beginning of May. But Defendants have not offered a reasonable justification for why they waited until July 2022—nearly three months after discovery closed, two months after the dispositive-motion deadline, and two months after CHU de Quebec moved for summary judgment—to do so.

As noted above, shortly before the April 15 discovery deadline, the Court held a conference at which Defendants raised the issue of extending the discovery deadline and indicated they wanted to bring Primex into this lawsuit. And following this conference, the Court directed Defendants to "file motions with the Court as needed." (Dkt. #83). Accordingly, Defendants should have filed their motion for extension of the discovery deadline as soon as possible after this conference, yet they waited nearly three months to do so. During this time, Defendants also responded to CHU de

7

Quebec's motion for summary judgment but, again, did not request more time to take discovery—even though Rule 56 permits such a request, *see* FED. R. CIV. P. 56(d)—or to file their own dispositive motion. Instead, they waited until CHU de Quebec's summary-judgment motion was fully briefed and ripe for decision to request that the Court reopen discovery and extend the dispositive-motion deadline. Defendants' failure to provide a plausible explanation for not timely moving for an extension of these deadlines demonstrates a lack of diligence.

Defendants make a few contrary arguments, none of which hold water. First, Defendants attempt to justify their delay by arguing that "DDGI has only been in this case a very short period of time" and that "[a]t the time it answered it only was afforded two months of discovery." (Dkt. #121 ¶ 12). Not so. As CHU de Quebec points out, DDGI actually had more than three months to take discovery from the time it answered. *See* (Dkt. #63, #78). And, as this Court previously explained, DDGI has had notice of this case since the day it was filed because Fritz is its sole director and officer. (Dkt. #48 at 3); *see also* (Dkt. #44-8). Indeed, since the outset of this case, DDGHI and Fritz have repeatedly claimed that DDGI was the relevant party to the contract at the heart of this action. *See, e.g.*, (Dkt. #32 ¶¶ 2–4); (Dkt. #20 at 3–4). What's more, any suggestion that the "legal and factual defenses available to DDGI differ greatly from those available to Mr. Fritz and DDGHI," (Dkt. #133 at 3–4), is belied by the fact that all three Defendants filed identical answers asserting the same defenses. *See* (Dkt. #59, #60, #63). This argument fails.

8

Defendants also contend that it "is not fair to project [CHU de Quebec's] measure of timeliness" on them because they are "not similarly situated in terms of litigation resources." (Dkt. #133 at 4). Contrary to Defendants' suggestion, CHU de Quebec's subjective view of timeliness is irrelevant to this Court's analysis. The Federal Rules of Civil Procedure and Fifth Circuit precedent govern whether good cause exists to reopen discovery and retroactively extend the deadline to file dispositive motions. FED. R. CIV. P. 16(b)(4); *Geiserman*, 893 F.2d at 790. Defendants are not exempt from diligently litigating this case simply because they hired counsel from a smaller firm with more limited resources. So this argument also fails.

At bottom, there "is simply no justification whatsoever for [Defendants'] delay in requesting an extension to the discovery [and dispositive-motion] deadlines in this case." *Le-Vel Brands*, 2022 WL 949952, at *4 (quotation omitted). Defendants' lack of diligence weighs strongly in favor of denying their request to reopen discovery and retroactively extend the dispositive-motion deadline.

**ii. Importance of extensions**

Turning to the second factor, Defendants assert that the documents CHU de Quebec produced on April 6, 2022, contain "highly relevant and exculpatory" information giving rise to its asserted need for additional discovery. *See* (Dkt. #133 at 1). Based on this information, Defendants say they need more time to secure documents from and take depositions of individuals from CAG, the Ministry of Health and Social Services of Quebec, Primex, R Negotiations, and 3M "to explore relationships between the Plaintiff, CAG and the government of Québec." (Dkt. #121 ¶ 10). Defendants also assert that they "wish to take Mr. Garofano's deposition

9

regarding his and Primex's involvement in any documents that may have been used to defraud the parties and for that same reason take" the deposition of an individual from 3M. (Dkt. #121 ¶ 11).

Given the nature of CHU de Quebec's claims, the discovery Defendants seek is arguably important to this case. Taking depositions of individuals who could provide information on these topics before the summary-judgment stage would have allowed Defendants to probe the veracity of CHU de Quebec's claims. And it is possible such discovery may have led to admissible evidence that supports Defendants' defenses.

At the same time, Defendants' actions in this litigation undercut their assertion that they have a critical need for discovery on these issues. Despite having CHU de Quebec's responses and objections to their discovery requests since October 2021, Defendants waited until March 2022 to raise any dispute about those objections and responses. *See* (Dkt. #123-20); (Dkt. #123-21); (Dkt. #123-22). In October 2021, CHU de Quebec disclosed several of the individuals Defendants now seek to depose as potentially having responsive information. (Dkt. #123-4 at 6–10 (disclosing Marc-Nicholas Kobrynsky, Élie Boustani, and Robert Werner)). And as early as May 2021, DDGHI and Fritz were on notice of Primex's involvement in this case because Primex "did not readily supply the quantity of PPE to Dreamscape Development Group, Inc." (Dkt. #19 at 4). Other examples exist, but the Court won't belabor the point: considering Defendants' discovery conduct, it is questionable whether they would use an extended discovery period to actually take discovery.

10

Giving Defendants the benefit of the doubt, the Court concludes that the proposed extensions to the discovery period and dispositive-motion deadline are "important" within the meaning of Rule 16(b)(4). But based on Defendants' conduct in this case, this factor weighs only slightly in their favor.

### iii. Potential prejudice to CHU de Quebec

Defendants assert that a retroactive extension of past deadlines to allow them to conduct additional discovery and to file dispositive motions would not prejudice CHU de Quebec because CHU de Quebec has requested a two-month extension of the trial date. But CHU de Quebec had already moved for summary judgment on the existing record before Defendants requested the extension, and that—not the amount of time requested by Defendants—is primarily what would cause prejudice. CHU de Quebec "would be prejudiced by permitting discovery to continue after [it has] submitted [its] dispositive motion in this matter." *Hooker-Murray*, 2008 WL 11424336, at *2. This factor therefore weighs strongly against granting the motion.

### iv. Availability of a continuance to cure prejudice

Because CHU de Quebec is prejudiced by Defendants waiting until after it moved for summary judgment on the existing record to file their motion for an extension of the discovery and dispositive-motions deadline, a continuance would not cure the prejudice. This factor therefore also weighs against granting Defendants' request for more time to conduct discovery and to file dispositive motions.

\* \* \*

In sum, Defendants seek discovery on issues that are arguably important to this case. But their inexcusable delay in requesting the proposed extensions, the

11

prejudice CHU de Quebec would face if the Court allowed such extensions after it filed its summary-judgment motion in accordance with the applicable deadline, and the lack of availability of a continuance to cure that prejudice weigh strongly against granting Defendants' motion. Assessing the Rule 16(b)(4) factors together, the Court concludes that Defendants have not shown good cause to retroactively extend the deadlines for completing discovery and for filing dispositive motions.

## B. Continuance of the Trial Setting and Certain Pretrial Deadlines

The Court next turns to the parties' competing requests for a continuance of the trial, which previously was set for September 2022, *see* (Dkt. #108, #140), and certain pretrial deadlines. CHU de Quebec asks the Court to continue the trial until November 2022 but does "not necessarily oppose a longer continuance . . . should the Court determine that such additional time may be needed in order to decide the [pending] summary judgment motion." (Dkt. #114 at 1 n.1). Defendants oppose CHU de Quebec's requested continuance and request that the Court continue the trial until at least February 2023.

The Court finds good cause to grant a continuance in this case. As noted above, CHU de Quebec's motion for summary judgment is fully briefed and currently under the Court's consideration. That motion seeks relief on all of CHU de Quebec's claims and, if granted, would preclude the need for trial. Granting a continuance of the trial and certain pretrial deadlines will therefore serve judicial economy and allow the parties to avoid incurring expenses in preparing for and conducting a trial that may become either unnecessary or more limited in scope following the Court's summary-judgment ruling. Considering the numerous issues raised at the summary-judgment

stage, the Court concludes that a four-month continuance is sufficient to accomplish these goals without causing unnecessary delay.

Having found good cause, the Court will (1) reset the trial in this case to January 2023 and (2) modify the pretrial deadlines that had not passed at the time the parties filed their respective motions for continuance.

### IV. CONCLUSION

For the foregoing reasons, CHU de Quebec's Motion for Continuance of Trial Setting and Pre-Trial Deadlines, (Dkt. #114), is **GRANTED**, and Defendants' Motion for Continuance and to Extend Related Deadlines, (Dkt. #121), is **GRANTED in part** and **DENIED in part**. The Court will reset the trial in this case and amend the appropriate deadlines by separate order.

**So ORDERED and SIGNED this 29th day of August, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE